**Harry W. Kuetemeyer, Administrator, Appellee, v. Illinois Central Railroad Company et al., on appeal of Michigan Central Railroad Company, Appellant.**

**Gen. No. 20,899. (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of facts. Opinion filed January 31, 1916.

## Statement of the Case.

Action by Harry W. Kuetemeyer, administrator of the estate of Louis J. Iverson, deceased, plaintiff, against the Illinois Central Railroad Company *et al.*, defendants, in the Superior Court of Cook county, to recover for personal injuries. From a judgment for plaintiff for $1,000 against defendant Michigan Central Railroad Company, defendant Michigan Central Railroad Company appeals.

Plaintiff at the time of the accident and for a long time previous thereto, was a painter. At and for some time before the accident he worked for one Ettinger, a contract painter for the Illinois Central Railroad Company, at various places along the road of the Illinois Central. He had been acting for about ten days prior to the accident as foreman of painters on the painting job at which he was working when hurt.

Plaintiff had been a sailor and was experienced in splicing ropes and erecting scaffolds. On the day of the accident plaintiff was acting as foreman and was engaged in splicing ropes and in constructing a scaffold to be used in painting the train shed of the Illinois Central Company at a place immediately above the stone wall separating the St. Charles Air Line from the station tracks. Two or three feet east of this stone wall were two parallel tracks running north

and south, known as the St. Charles Air Line, east of which was a switch yard with thirty or forty tracks, The southbound track of the St. Charles Air Line was within three feet of this stone wall. Along these tracks were run engines of the Pennsylvania, North Western, Burlington, Illinois Central, Michigan Central and other railroads.

The place where Iverson was working at the time was about three feet higher than the ground. It was a very busy spot. Both freight and passenger trains were constantly running along the St. Charles Air Line tracks. There was nothing at the time of the accident to obstruct the view of Iverson and the other painters of the movement of trains north and south. Engines came along these tracks both with and without cars. The scaffold upon which Iverson was working had been laid upon the wall under his direction. Iverson was struck by an engine running along the southbound track, causing him to fall to the ground. Iverson swore that he was struck by the steps of the engine, which hung over the track about two feet. Iverson also testified that the engine was marked "M. C. 8172."

It was undisputed that Iverson was and for several years had been well informed of the operation of engines and cars along the track near which he was working.

Defendant Michigan Central Railroad Company offered evidence proving conclusively that the engine of defendant marked with this number was not near Chicago at the time of the accident but, as a matter of fact, was being operated between Windsor, Canada, on the east side of the Detroit River, and Buffalo, in the State of New York, on the Canada Southern Division of defendant appellant's road; and, furthermore, that that engine had never been operated between Michigan City and Chicago.

At the close of plaintiff's evidence both defendants

moved for an instructed verdict, which the court allowed as to the Illinois Central Railroad Company, but denied as to the Michigan Central Railroad Company. The defendant Michigan Central Railroad Company here again moved, at the close of all the evidence, for an instructed verdict, which was again denied. Plaintiff having died since the entry of judgment, the appeal was defended by the administrator of his estate.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT and CHARLES J. McFADDEN, of counsel.

T. F. MONAHAN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 438*—*when person struck by engine while painting train shed guilty of contributory negligence.* In an action to recover for personal injuries sustained by a painter by being struck by a railroad engine alleged to be owned or controlled by defendant, where it appeared that at the time of the accident plaintiff was engaged in painting a train shed within a short distance of the track along which engines were constantly passing, evidence *held* to show that at the time of the accident plaintiff was not as a matter of law, in the exercise of due care for his own safety, it appearing that there was nothing which obstructed plaintiff's view of the track and that if plaintiff had looked he would have seen the approach of the engine, there being no evidence absolving plaintiff from the duty of watching for rolling stock known to be constantly moving along the track.

2. NEGLIGENCE, § 204*—*when verdict should be directed because of contributory negligence.* Although the question of contributory negligence is usually one of fact, yet where all reasonable minds would agree, either from undisputed facts or from plaintiff's evidence with reasonable inferences to be drawn therefrom, that plaintiff's own negligence contributed to his injury, then the question of contributory negligence is a question of law, and the refusal of a peremptory instruction for defendant is reversible error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Kuetemeyer v. Illinois Central R. Co., 197 Ill. App. 616.

3. MASTER AND SERVANT, § 763*—*when verdict properly directed for defendant in action by railroad employee for personal injuries.* In an action to recover for personal injuries sustained by a painter by being struck by an engine alleged to have been owned or controlled by defendant, while engaged in painting a train shed within a short distance of the track on which such engine was running, the question of plaintiff's contributory negligence is one of law requiring a peremptory instruction for defendant, where it appears from plaintiff's testimony that the engine which struck him was in plain sight as it approached, and that his injury was caused by his failure to look for engines and cars approaching from that direction, there being no allegation of wilful negligence or evidence that any one on the engine knew of plaintiff's presence in time to have avoided the accident in the exercise of ordinary care.

4. MASTER AND SERVANT, § 681*—*when evidence sufficient to establish that defendant did not own or operate engine.* In an action against the Michigan Central Railroad Company to recover for personal injuries sustained by being struck by an engine alleged to be owned or controlled and operated by defendant, where defendant pleaded specially denying such ownership or control, and where plaintiff testified that the engine which struck him was marked "M. C. 8172," evidence *held* sufficient to support the plea, where it appeared conclusively that the engine of defendant marked as testified by plaintiff was not on or near the place of the accident at the time of such accident, but was in fact being operated on another division of defendant's road, and running between Windsor, Canada, and Buffalo, New York.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.